(February 21, 1887.)

# PEOPLE v. ARMSTRONG.

[13 Pac. 342.]

CRIMINAL PRACTICE—CHALLENGE TO PANEL.—The intentional omission of the sheriff to summon a juror duly drawn is a good cause of challenge to the panel of the trial jury. (Criminal Practice Act, sec. 322.)

EXCEPTION TO CHALLENGE—EFFECT.—An exception to the challenge to the panel admits the facts stated therein. Such exception in our criminal practice has the same relation to the denial of the challenge as a demurrer to a complaint has to the denials in the answer in our civil practice.

(Syllabus by the court.)

No briefs filed in this case.

BUCK, J.—The defendant was indicted at the October term, 1886, for the crime of murder in the first degree, and charged therein with the killing of one Paul Klubert on the twenty-second day of August, 1886. When the cause was called for trial, the defendant, by his attorneys, Kingsbury & McGowan, interposed a challenge ot the panel of the trial jury, and specified, as the facts constituting the grounds of said challenge, "that the sheriff had purposely omitted to summon one L. H. McIrving, a trial juror drawn to serve at said term of court, and whose name was on the list of jurors given to the sheriff to be summoned as said juror." To such challenge, N. M. Ruick, the district attorney for Alturas county, excepted, and the same having been submitted to the court was overruled, to which ruling the attorneys for the defendant excepted, and the cause is brought into this court on a bill of exceptions. The record contains much other matter; but, as the conclusion of the court upon said assignment of error is decisive of the case, it will not be necessary to consider the other specifications of error.

The appeal having come into this court, the attorney general stated that, upon examination of the record, he was of the opinion that the said assignment of error was well taken, and moved that the cause be placed upon the calendar, the judgment be reversed, and the case remanded for a new trial. By consent

of the attorneys for the defendant the said motion was submitted without argument.

Our Criminal Practice Act (Rev. Laws 1874-75, p. 409), provides as follows: "Sec. 324. If the sufficiency of the facts alleged as a ground of challenge be denied, the adverse party may except to the challenge. Sec. 325. Upon the exception, the court shall proceed to try the sufficiency of the challenge, assuming the facts alleged therein to be true. Sec. 326. If, on the exception, the court deem the challenge sufficient, it may, if justice require it, permit the party excepting to withdraw his exception, and to deny the facts alleged in the challenge. If the exception be allowed, the court may in like manner permit the amendment of the challenge. Sec. 327. If the challenge be denied, the . . . . court shall proceed to try the question of fact." Section 322 specifies the intentional omission of the sheriff to summon one or more jurors drawn as a good cause of challenge to the panel.

An exception to a challenge in our criminal practice is practically a demurrer thereto, and admits the facts stated therein. An exception to a challenge and a denial of it has sometimes inadvertently · been confounded as meaning the same thing. This seems to have been so regarded by the district attorney in the case · at bar. An inspection of the statute, however, indicates that they bear the same relation to each other in our criminal practice as the demurrer to the complaint and denials in the answer do in our civil practice. The district attorney having failed to deny the challenge, the facts stated therein were admitted. The intentional omission of the sheriff to summon the juror McIrving was thereby admitted; and, such omission being designated as a ground of challenge by section 322 of our Criminal Practice Act, it was a good cause of challenge to the panel, and the challenge should have been sustained. The motion is granted, judgment reversed, and the cause remanded for a new trial.

Hays, C. J., and Broderick, J., concur.