STATE, RESPONDENT, v. GROOM, APPELLANT.

(No. 3,397.)

(Submitted May 28, 1914.   Decided June 17, 1914.)

[141 Pac. 858.]

*Criminal Law—Jury—Challenge to Panel—Statutes—Substantial Compliance Necessary—Exception—Effect—Demurrer—Admissions—Evidence.*

Criminal Law—Challenge to Jury Panel—Exception—Has Effect of Demurrer—Burden of Proof.
   1.   Where defendant, charged with crime, interposed a challenge to the jury panel because the sheriff had intentionally omitted to summon some of the jurors drawn by the jury commission, to which the state took an exception, the court erred in overruling the challenge on the ground that defendant had failed to sustain the burden of establishing the truth of his assertion, since by its exception (in effect a demurrer) the facts stood admitted by the state, and no burden rested upon defendant.

Same—Challenge to Jury Panel—Evidence—Sufficiency.
   2.   Evidence adduced on the trial of a challenge to the jury panel on the second ground of challenge provided by section 9247, Revised Codes, *i. e.*, the intentional omission of the sheriff to summon one or more of the jurors drawn, which omission was testified to by that officer as having been occasioned by his imperfect knowledge of county lines incident to the creation of a new county, *held* sufficient to warrant the court in sustaining the challenge.

Same—Statutes—Substantial Compliance Necessary.
   3.   While anything less than a substantial compliance with the statute relative to the drawing or returning of a jury is fatal, it is only a material departure from the law (Rev. Codes, sec. 9247) which may be made the basis of a challenge to the panel.

*Appeal from District Court, Rosebud County; Geo. W. Pierson, Judge.*

LYNN GROOM was convicted of a felony and appeals.   Reversed and remanded.

Cause submitted on briefs of counsel.

*Messrs. Loud, Collins, Brown, Campbell & Wood,* for Appellant.

It has been held in Alabama, in the case of *Ezell* v. *State,* 102 Ala. 101, 15 South. 810, as follows: "The fact that the sheriff supposes or knows that a person whose name appears upon the

venire is exempt or disqualified as a juror does not excuse his failure to summon him, the questions of exemption and qualification being for the court.'' In *State* v. *Moore,* 120 N. C. 570, 26 S. E. 697, the erroneous action of the judge in determining the qualifications of jurors as the names were drawn from the jury-box was held to be ground for challenge to the array. The Texas court of appeals in the case of *Robles* v. *State,* 5 Tex. App. 346, has held: ''The court has no power to excuse jurors summoned on a special venire until they have appeared at the time and place set forth in the *venire facias.*'' (See, also, *Thompson* v. *State,* 19 Tex. App. 593; *Smith* v. *State,* 133 Ala. 73, 31 South. 942.)

Section 9247, Revised Codes, was construed in the case of *State ex rel. Breen* v. *District Court,* 34 Mont. 107, 85 Pac. 870. Idaho has a similar statutory provision to the last clause of that section. In the case of *People* v. *Armstrong,* 2 Idaho, 298, 13 Pac. 342, the Idaho court held that the intentional omission of the sheriff to summon one juror was a good cause of challenge to the panel and the challenge should have been sustained.

We respectfully submit that under the principle of law announced by the authorities herein cited, the defendant was entitled as a matter of right to have had these jurors summoned and brought into court, in order that their qualifications to act as trial jurors could be judicially determined; that the motion to quash the venire should have been granted, and that it was error to deny this motion and compel the defendant to submit his case to a jury selected and summoned as the one in the case at bar.

*Mr. D. M. Kelly,* Attorney General, and *Mr. Chas. S. Wagner,* Assistant Attorney General, for Respondent.

The record discloses that the sheriff served every juror drawn found by him within his jurisdiction and omitted to serve only such as were not at the time residents of his county. The omission to serve such was not intentional upon the part of the sheriff, but was due to express instructions received by him

from the judge of the court. The omission was not an arbitrary one. He was advised by the court that certain persons, whose names were on the panel, would not be competent to serve if drawn, and the effect was that, by the action of the court, the panel was amended so as to exclude the names of incompetent men. The sheriff acted in entire good faith, without bias and without interest, without partiality or default, and did not willfully omit to serve any juror. The omission to serve certain persons, under these circumstances, was not such an intentional omission as is contemplated by the law. (24 Cyc. 328, and cases cited under notes 98 and 2, p. 329.) There is no contention in this case that the defendant was in any wise prejudiced by the action of the court in the premises, nor is there any contention that any person whose name was omitted would have been competent as juror had he been summoned and been present in court. The action of the court was at most an irregularity which was wholly excusable under the peculiar circumstances confronting the court at the time. We maintain that a venire, although a judicial process, is a mere precept to the sheriff, and is subject to the further orders of the court. (24 Cyc. 218, 219, 225, and cases cited under note 70, p. 224.) As indicated above, appellant does not complain that the action of the court or the action of the sheriff in this regard deprived him of a fair and impartial trial before a jury of the county wherein he was tried. Any error which may have been committed did not affect any substantial rights of appellant, and under the rule so often announced by this court, under section 9415, Revised Codes, appellant cannot be heard to complain.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

When this appellant was brought to trial in the district court of Rosebud county upon an information charging him with the [1] commission of a felony, he interposed a challenge to the jury panel upon the ground that the sheriff had intentionally omitted to summon twelve of the jurors drawn and whose names appeared upon the venire. Counsel for the state announced that

they excepted, and thereupon evidence was offered by the defendant in proof of the charge made, but at the conclusion the court overruled the challenge, and in doing so indicated that the ruling resulted from the defendant's failure to prove that any of the jurors, whom the sheriff had failed to serve, resided in Rosebud county and could have been served by the exercise of due diligence on the part of the sheriff.

The question presented upon this ruling is one of burden of proof. Section 6337, Revised Codes, defines the qualifications of jurors. Section 6342 provides a jury commission, consisting of the chairman of the board of county commissioners, the county treasurer, and the county assessor, to prepare a list of persons for jury service comprising the names of all persons listed upon the assessment-roll whom the commissioners believe to be competent and qualified as trial jurors. Section 6345 defines the duties of the clerk of the district court, and sections 6348, 6349, and 6350 provide the method to be employed in drawing a jury. Section 6356, as amended by the Laws of 1911, page 12, prescribes the duty of the sheriff and directs him as to the procedure in summoning a jury panel; and section 9247 reads as follows: "A challenge to the panel can be founded only on a material departure from law in respect to the drawing and return of the jury as in civil actions, or on the intentional omission of the sheriff to summon one or more of the jurors drawn."

Upon the record as made at the time the challenge was interposed, there was not any burden upon the defendant. The exception to the challenge is in effect a demurrer and admits all the facts stated to be true. (Sec. 9249, Rev. Codes; *People* v. *Armstrong*, 2 Idaho, 298, 13 Pac. 342; *State* v. *Tighe*, 27 Mont. 327, 71 Pac. 3.) Had the defendant stood upon his challenge, he would have been entitled to a favorable ruling, for the facts stated bring the case clearly within the provisions of section 9247, above. However, all parties apparently treated the exception as raising an issue of fact under section 9251, and, the defendant having adopted that theory, we will treat the matter as though an issue had been raised by a denial of the challenge.

It is one of the presumptions which is made to have the effect

[2] of evidence by statute in this state "that official duty has been regularly performed" (subd. 15, sec. 7962, Rev. Codes), so that, when the sheriff of Rosebud county received the venire for service, the presumption prevailed that every man whose name appeared upon it was competent for jury service, and defendant could rely upon the presumption to make out his *prima facie* case to that extent. Upon the evidence presented, there is not any controversy. The sheriff frankly confessed that he intentionally omitted to serve nine of the jurors drawn, and whose names appeared upon the venire delivered to him for service. In explanation of his conduct he testified that Judge Crum of the district court had advised his deputy that the sheriff's office need not serve anyone whose residence was in that territory formerly constituting a portion of Rosebud county but incorporated in Big Horn county after the jury was drawn. If the record disclosed that the sheriff followed Judge Crum's directions, doubtless this question would not be before us; but the sheriff was forced to admit that he did not know whether some of the jurors, whom he so intentionally omitted to serve, resided in the new county or were still residents of Rosebud county. In fact, he testified that he did not know where the line dividing the two counties ran, at least in certain localities. The evidence thus procured, aided by the presumption that the officials had regularly performed their duty in preparing the jury list and in drawing the jury, established the facts alleged in the challenge and entitled the defendant to a favorable ruling, in the absence of countervailing proof. If the sheriff could excuse his conduct (and upon this we express no opinion), the burden was upon him to do so, and not upon the defendant to prove the negative.

Section 9247 comprehends two separate grounds for a challenge to the panel. First, material departure from the [3] law in drawing or returning a jury. With respect to that ground this court has had occasion to comment frequently. It has been held uniformly that substantial compliance is required, and anything less will vitiate the work of procuring a jury. (*Dupont* v. *McAdow,* 6 Mont. 226, 9 Pac. 925; *State ex rel. Root*

v. *McHatton,* 10 Mont. 370, 25 Pac. 1046; *State* v. *Landry,* 29 Mont. 218, 74 Pac. 418.) But not every deviation, however slight, from the strict letter of the law in drawing or returning a jury will furnish ground for challenge to the panel. The statute in terms requires that the departure must be a material one. (*State* v. *Tighe,* above.)

The language of the second ground of challenge, as stated in the statute, is too plain to admit of construction. The section of the Code quoted declares that "the intentional omission of the sheriff to summon one or more of the jurors drawn" furnishes a sufficient ground for a successful challenge to the panel. If this statutory provision is wrong, the legislature is free to change it, but, so long as it remains a part of the law of this state, it is the duty of the courts to see that it is observed. It is not the business of the court to legislate by interpolating terms into this section under which the will of the lawmakers will be defeated. The right to challenge the jury panel for the intentional omission of the sheriff to serve one or more of the jurors drawn is but a legislative amplification of the constitutional guaranty that in every criminal prosecution the accused shall have the right to "a speedy, public trial by an impartial jury." If the sheriff may be permitted to summon only such veniremen as suits his whim or caprice, he can pack the jury in any given case as effectually as though the selection of the entire jury were left exclusively to him. Whatever merit there may be in the idea expressed in this ground of challenge, it is apparent at once that the legislature viewed the sheriff's opportunity to defeat the constitutional guaranty of an impartial jury as of so grave a character as to warrant and require that a panel from which he had intentionally omitted to serve one or more of the jurors drawn should be discharged if an accused person for trial before such panel raised the objection.

The trial court erred in imposing upon the defendant a burden unauthorized by law. The challenge to the panel should have been sustained, and, because it was not, the subsequent trial proceedings were null and void. Under these circumstances, we will not consider the other assignments.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

(Submitted May 28, 1914. Decided June 17, 1914.)