[Criminal No. 358.   Filed February 3, 1917.]

[162 Pac. 605.]

## FRANCISCO GARCIA, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—APPEAL—PREJUDICIAL ERROR—DELAY IN HEARING. Where one appealing from a conviction for crime, by his request for more time delayed the hearing of the appeal more than three years, so that the witnesses may have left the jurisdiction and other sources of evidence have disappeared, the judgment will not be reversed except for error obviously prejudicial to him.

2. CRIMINAL LAW—APPEAL—HARMLESS ERROR—TRIAL OF CHALLENGE TO PANEL.—Where the trial judge overruled accused's challenge to the panel without following the procedure prescribed by Criminal Code of 1913, sections 1019–1022, for determining the sufficiency of such challenge in law and fact, such error was not prejudicial where the challenge was, in fact, insufficient.

XVIII Ariz.—30

3. JURY—CHALLENGE TO PANEL—GROUNDS—IRREGULARITY IN DRAWING. A challenge to the panel on the ground that there had been a material departure from the forms prescribed in respect to the drawing and returning of the jury, in that there was one drawing made for the year 1913, and that at such drawing a list was returned, and that the order made and the drawing had thereunder in October, 1913, is entirely void, is insufficient because stating no facts which show that the jury was not drawn and returned in accordance with law.

4. CRIMINAL LAW — CHALLENGE TO PANEL — WANT OF PUBLICATION— ESTOPPEL.—Where accused, who had challenged the panel for failure to publish notice of the drawing of the grand jury, remained silent when the county attorney stated in court that the notice had been published, he is estopped from asserting the contrary on appeal.

5. JURY—CHALLENGE TO PANEL—GROUNDS—INDEFINITENESS.—A challenge to the panel based on an intentional omission of the sheriff to summon some of the jurors drawn is indefinite, where the challenge showed that there had been a valid and a void drawing, and is insufficient.

6. JURY—CHALLENGE TO PANEL—FAILURE TO SUMMON JURORS.—The intentional omission by the sheriff to serve a summons on jurors regularly drawn is ground for challenge to the panel.

7. JURY—SPECIAL VENIRE—STATUTE.—Under the express provision of Civil Code of 1913, paragraphs 3542, 3543, the court at the trial of a criminal prosecution can issue an open venire when there are not enough regular jurors in attendance.

8. JURY—SUMMONING—DISQUALIFICATION OF SHERIFF.—The sheriff is not disqualified from summoning the jury to try a person charged with killing one of his deputies.

[As to bias or misconduct of officer summoning jury as ground for challenge to panel, see note in Ann. Cas. 1916A, 693.]

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Affirmed.

Mr. R. H. Brumback and Mr. J. C. Niles, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Geo. W. Harben and Mr. R. Wm. Kramer, Assistant Attorneys General, for the State.

ROSS, J.—Appellant was tried in the month of December, 1913, for the crime of murder. He was convicted and sentenced to be hanged. From the judgment of conviction, he appealed.

The case has been pending in this court for almost three years before it was argued and submitted for decision. At each call of the calendar during this time the appellant has requested the court to grant him more time in which to present his case. The delay has all been occasioned by the appellant. At this late date he urges that the court committed many errors in his trial. We feel that any error committed by the trial court should be obviously prejudicial to the rights of the appellant before we would be justified in reversing the case and sending it back for trial at a date when perhaps the witnesses have left the jurisdiction and other sources of evidence have disappeared. Had the case been diligently pros, ecuted, these considerations could not have entered into the decision of this court.

Upon call of the jury, and before it was sworn, appellant interposed a challenge to the panel, and the disposition of this challenge by the court is claimed as error. The challenge was in writing and assigned five reasons. The first in the following language:

"That there has been a material departure from the forms prescribed in respect to the drawing and return of the jury, in that there was one drawing made for the year 1913, and that at such drawing a list was returned; that the order made and the drawing had thereunder in October, 1913, is entirely void, and the court had no jurisdiction to make such order."

The other grounds of challenge were that no notice was published of the drawing of the grand jury as required by law; that the sheriff had intentionally omitted to summon one or more jurors drawn; that a special venire of twenty trial jurors was issued without any jurisdiction; and that the deceased was a deputy sheriff and the sheriff, for that reason, was disqualified to summon the jury, especially those on the open venire. After appellant's attorney had presented his challenge he said:

"I do not care to argue the challenge.

"By the Court: The notice was published.

"By the County Attorney: Yes."

The court thereupon overruled the challenge, to which the appellant excepted.

Although the Criminal Code, at sections 1019 to 1022, provides what shall be done when a challenge to the panel is made,

for some reason or other these provisions of the statute were not observed by the court and the county attorney. Under the law the county attorney should have excepted to the sufficiency of the facts alleged as grounds of challenge, whereupon the court should have tried the sufficiency of the challenge, and, if found sufficient, it was the duty of the county attorney to deny the facts alleged in the challenge. Upon this issue it was the duty of the court to hear evidence to prove or disprove the facts alleged as the grounds of challenge. This statutory procedure was not followed. The court apparently treated the challenge as being insufficient in statement of fact and in law and accordingly overruled it. It may be that the court was not familiar with the statute. If that be true, we think it was the duty of appellant's attorney to call his attention to the requirements of the statute, and not reserve it to be presented to this court for the first time. We think the appellant's attorney should have advised the court of the statute and its provisions rather than to announce immediately after reading his challenge that he did not care to argue it. If, in fact, however, the challenge was insufficient, and the court inadvertently or negligently or ignorantly failed to pursue the statutory procedure, we do not think the appellant has any right to complain.

The first ground of challenge was clearly insufficient. It states no facts showing that the jury was not drawn and returned in accordance with law. *Talley* v. *State, ante,* p. 309, 159 Pac. 59.

As to the second ground of challenge that no notice of the drawing was published, we think that the appellant's silence when it was announced in court that the notice was published ought to estop him now from asserting to the contrary.

The third ground of challenge, when taken in connection with the first and fourth grounds, seems too indefinite and uncertain to demand serious consideration. This ground is based upon "an intentional omission of the sheriff to summon one or more of the jurors drawn."

Referring to the allegations of the first ground, it would seem that during the year 1913 two trial juries had been drawn—one in October and one previous thereto. From the third challenge it cannot be determined whether the appellant was excepting to the first panel drawn in 1913 or to the one of

October, 1913. It cannot be known from the facts of the challenge whether it was directed to what was admittedly a valid drawing and return or to what is asserted to be a void drawing and return. This challenge, therefore was insufficient in law, and the court was not in error when he so treated it.

Had the third ground of challenge been sufficient in law, the manner in which the court disposed of it would have been serious error. The sheriff has no right intentionally to omit to serve a summons on jurors that are regularly drawn, and if it is clearly shown that he has done so, the statute has been violated. *State* v. *Groom,* 49 Mont. 354, 141 Pac. 858.

The fourth ground of challenge is that the court had no power or right to issue an open venire for trial jurors. He has evidently overlooked paragraphs 3542 and 3543 of the Civil Code, as those sections explicitly provide for an open venire when there are not enough regular jurors in attendance.

We do not think that the fifth ground of challenge is well taken. We know of no law in this state that disqualifies a sheriff from summoning a jury to try a person who has killed one of his deputies, and counsel has failed to cite us to any.

There are a number of other errors assigned by appellant based upon remarks of the county attorney, upon the introduction of evidence over his objection, and the refusal of the court to permit the introduction of evidence by appellant. We do not deem it necessary or advisable to incumber this opinion with a discussion of these assignments, for the reason that we do not believe that they could have had any material influences upon the verdict of the jury. Indeed, a careful and painstaking examination of the evidence leads to but one conclusion, and that is that the appellant is guilty as charged in the information and as found by the jury. We can hardly conceive how a jury could have found any other verdict than the one it did find.

Judgment is affirmed.

FRANKLIN, C. J., concurs.

CUNNINGHAM, J. (Concurring Specially).—The first ground for reversal assigned and urged by the appellant is the order of the court disallowing appellant's challenge to the

jury panel. The challenge was urged upon a number of grounds, all of which are now urged as sufficient why the challenge should have prevailed. The record on this appeal sets forth the appellant's challenge, and all the grounds for challenge, together with the order of the court disallowing the same and the appellant's exception to the order made.

The first ground is, briefly, that the jury were not drawn and returned as required by the law in force regulating the same; second, that no notice of the said drawing was published; third, that the officers failed to summon twelve of the jurors drawn; fourth, that the court ordered twenty additional jurors summoned on an open venire, without authority of law; and, fifth, that because the deceased was a special deputy to the sheriff, that officer was not authorized to summon the jury owing to his bias and prejudice.

The appellant has failed to include in this record on appeal that portion of the court's records which indicates the manner in which and the officers by whom the original jury panel was drawn. The record also fails to present from the court records the order upon which the original jury panel was summoned and the return thereon; and it likewise fails to present the order which authorized the summoning of the twenty additional jurors or the return on that process. These records, we presume, do exist, because the law requires them to be made, and the acts of which they are evidence were performed by officers in discharge of official duties. The performance of such acts is necessary to authorize the presence of the jurors at the court to act in the capacity of jurors to try the facts of cases before the court. The record as presented here is silent as to whether the officers charged with the duty of drawing, ordering and summoning the jurors from whose number the jury selected to and before whom this case was tried actually performed their respective duties as the law requires in any manner or at all. The appellant by his motion alleges that such officers failed to perform their respective duties in the premises as required by law. The lower court has determined otherwise, and now we are asked to review that determination upon a record which is silent as to the facts sought to be reviewed.

The presumption of law as regards the order of the lower court is that such order is without error. In the absence of

the record showing error in drawing the jury, in ordering summoned, and in summoning the jury, and as to all official acts by which the jurors are brought into court for service, the presumption is that the officers have performed every official act imposed upon them in the premises. To authorize a review of such acts and order, the duty is on the appellant, on appeal, to show by the record that such officers have failed in their duty in some material respect. The record of the acts is not before this court, and therefore the presumption prevails that no omission occurred and that no error was committed by the trial court in disallowing the challenge in either instance of which complaint is made.

Upon due consideration of the whole case I am convinced that the appellant has been awarded a fair and impartial trial, and that the matters complained of as error only amount to irregularities and have wrought him no harm.

The judgment therefore ought to be affirmed.