STATE OF MONTANA, Plaintiff and Respondent, v. RAYMOND L. DEEDS, Defendant and Appellant.

No. 9654.

Submitted July 5, 1956. Decided January 3, 1957.

305 Pac. (2d) 321.

504

Mr. Robert D. Morrison and Mr. J. Chan Ettien, Havre, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Lyman J. Hall, Asst. Atty. Gen., Mr. Edward J. Ober, Jr., County Atty., Havre, for respondent.

Mr. Morrison and Mr. Hall argued orally.

MR. CHIEF JUSTICE ADAIR:

The defendant, Raymond L. Deeds, was convicted of burglary by a jury in the district court of Hill County, Montana. This is an appeal from the judgment of conviction and from the order denying defendant's motion for a new trial.

At the outset of his trial on November 3, 1955, the defendant filed and caused to be presented to the trial judge defendant's duly verified, specific and detailed written challenge to the jury panel drawn for Hill County for 1955 from which a jury was about to be drawn to try the defendant on the charges of which he was subsequently convicted.

Defendant's principal contention is that the trial court erred in disallowing the challenge so made.

The challenge was based upon the following sworn statements and grounds, viz.:

"That there was a material departure from law in respect to the drawing and return of said panel, in that the jury com-

missioners in preparing the Hill County Jury List for 1955 omitted certain persons and class of persons, hereinafter named, although such persons were known, or should have been known, to said jury commissioners to be in all respects competent jurors.

"That each and all of the following persons, or a majority thereof, are Indians or of Indian extraction and reside on or about the Rocky Boy Indian Reservation in Hill County, and said jury commissioners omitted them, and all other Indian persons in Hill County, qualified to serve as jurors from said 1955 jury list as a class of persons; that the names of said omitted persons, residents and taxpayers of Hill County, Montana, are as follows:

Akino, Frank
Akino, Julia
Allen, Leonard C.
Belcourt, Elmer
Belcourt, Gilbert
Belcourt, Irene
Crawford, Robert T.
Crawford, Barbara
Champagne, John B.
Demontiney, Joseph
Denny, Sam
Dehaan, John E.
Duran, Elizabeth
Four Souls
Gardipee, Mrs. Stanley
Gardipee, Stanley
Lamere, Gale
Lamere, Victor

LaMere, Theodore
Laurence, Adolph
Mitchell, Leona
Mitchell, Malcolm
Mitchell, Paul
Milne, Wallace
Monteau, James A.
Morsette, Ida
Morsette, Joe, Jr.
Morsette, Joe, Sr.
Morsette, William
Running Bird, Ivan
Russette, Theodore
St. Pierre, Albert
Stanly, Joe
Sutherland, Clifford
Standing Rock, Joe
Williamson, William H.
Writing Bird, Charles."

Here in alphabetical order is set forth the names of 408 additional persons alleged in defendant's challenge to then be residents and taxpayers residing in either precinct No. 2, No.

3 or No. 6 in Hill County. Such named persons the challenge states are but a portion of the total list of persons and names omitted from the Hill County jury list for 1955.

The challenge further alleges:

"That each and all of said persons, or a majority thereof, are citizens of the United States of the age of twenty-one and not more than seventy years, and, at the time of the preparation of said jury list and selection of persons thereon were, and now are, residents of the State of Montana more than one year, and of Hill County more than ninety days. That each and all of said persons, or a majority thereof, are in possession of their natural faculties, and of ordinary intelligence and not decrepit. That each and all of said persons, or a majority thereof, are possessed of a sufficient knowledge of the English language. That each and all of said persons were assessed on the last assessment roll of Hill County on property belonging to him or her. That each and all of said persons, or the great majority thereof, have not been convicted of malfeasance in office, or any felony or other high crime. That each and all of said persons, or a majority thereof, are not exempt from liability to act as jurors as provided in Section 93-1304, Revised Codes of Montana for 1947.

"That all names of the above said persons were obtained from those residing at Rocky Boy, Hill County, Montana, and those residing within Precincts No. 2, 3 and 6 of the City of Havre, Hill County, Montana. That a similar number of names have been omitted from said jury list from the other precincts within the City of Havre and within the County of Hill, State of Montana; that by reason of said names having been omitted from said jury list there has not been a substantial compliance with the law as required in the work of procuring a jury and that the departure from the strict letter of the law in drawing or returning a jury has been a material one.

"Wherefore, Defendant prays that this Challenge be allowed and this Court discharge the jury so far as this trial is concerned."

While the above challenge separately lists the names of some 445 persons alleged to be residents and taxpayers of Hill County who defendant charges were omitted from the Hill County jury list for 1955, the trial judge selected therefrom a certain ten of the named persons and inquired of defendant's counsel if the latter then knew the age of each. Counsel's response was that it would be necessary for him to subpoena the books or records in order to supply the judge with that inofrmation right off hand.

In disallowing the challenge to the array and in denying defendant's motion to discharge the panel so far as defendant's trial was concerned, the trial judge remarked:

"I haven't got the jury list to check all these names, and I haven't the time. I can only *presume* thàt the jury commissioners have done their duty. As far as I am concerned, I will have to deny the motion." (Emphasis supplied.)

Thereupon defendant's counsel made, filed and submitted to the trial court the following written motion, viz.:

"Defendant's Challenge to the panel drawn for the present jury and trial term having been denied by the Court:

"Comes Now the defendant and requests the Court to try the question of fact presented by defendant's said challenge;

"Defendant further requests that the Court issue a Subpoena directing the Jury Commissioners preparing the Hill County Jury List for 1955 to appear and testify at the trial requested herein; that the Court issue a Subpoena Duces Tecum directing that said Jury Commissioners bring with them the last assessment roll of Hill County, Montana, from which the 1955 jury list was obtained together with all of the Hill County precinct registered voters books in the custody of the Clerk and Recorder."

In addition to the foregoing written motion, defendant's counsel orally presented to the trial court this oral motion, viz.:

"Your Honor, then, for the purposes of the record, I would move that the Court try the question of fact and for issuance

of subpoena, directing the jury commissioners to appear and testify on the trial of this particular fact, and to bring with them the last assessment roll from which the 1955 jury list was obtained, together with all of the Hill County precinct registered voters books which are in the custody of the Clerk and Recorder.''

In disallowing the above motions the trial court stated:

''I am not going to all that trouble. We are drawing a jury. I can only *presume* that the jury commissioners did their duty.'' (Emphasis supplied.)

Thereupon and on the same day the court proceeded with the trial of the case before a jury so drawn from the panel selected from the said Hill County jury list for 1955. On the following day the jury so impaneled returned a verdict, finding the defendant guilty of burglary committed in the nighttime as charged in the information and leaving defendant's punishment to be fixed by the court.

Judgment on such verdict was entered wherein the court fixed the penalty at five years in the state penitentiary.

Defendant's motion for new trial was made and denied on the day he was sentenced, and on the same day he served and filed his notice of appeal from both the judgment and the order denying his motion for a new trial.

The various questions of law and practice by defendant's challenge to the jury panel are settled and determined by certain specific provisions of the Revised Codes of Montana of 1947 and by various decisions of this court.

R.C.M. 1947, section 1301, prescribes who are competent to act as jurors.

R.C.M. 1947, sections 93-1401 and 93-1402, provide for the making of a list of persons to serve as jurors for the ensuing year and when and how such list shall be made.

R.C.M. 1947, sections 94-7101 to 94-7128, provide the procedure for interposing a challenge to the panel or to an individual juror.

R.C.M. 1947, section 94-7107, provides:

"If the sufficiency of the facts alleged as ground of the challenge is denied, the adverse party may except to the challenge. The exception need not be in writing, but must be entered on the minutes of the court, or of the stenographer, and thereupon the court must proceed to try the sufficiency of the challenge, assuming the facts alleged therein to be true."

The record before us on this appeal wholly fails to show any denial on the part of the county attorney of the sufficiency of the facts alleged and sworn to in defendant's written challenge to the panel or any exception taken by the county attorney to such challenge or any compliance whatever with the provisions and requirements of section 94-7107, supra.

The trial court most certainly was not authorized to *presume* the jury commissioners had performed their duty in the face of the sworn statement set forth in defendant's written challenge and in the face of the facts shown by the record herein and especially in view of the defendant's timely motion and request for the issuance of a subpoena to the jury commissioners to appear and produce the assessment books and registration records.

In State v. Hay, 120 Mont. 573, 579, 194 Pac. (2d) 232, 235, this court said:

"A defendant has a right to an impartial jury 'selected from the proper place, and drawn and summoned according to law.' Dupont v. McAdow, 6 Mont. 226, 229, 9 Pac. 925, 926.

"The systematic and intentional exclusion of a class of persons or a purposeful and deliberate design to secure the jury from a limited area instead of the entire county deprives a defendant of fundamental constitutional rights. [Citing cases.]"

In State v. Groom, 49 Mont. 354, 357, 141 Pac. 858, 859, in construing sections 9249 and 9247, Revised Codes of 1907, now R.C.M. 1947, sections 94-7107 and 94-7105, this court said:

"Upon the record as made at the time the challenge was interposed, there was not any burden upon the defendant. The exception to the challenge is in effect a demurrer and admits all the facts stated to be true. Section 9249, Revised Codes

[of 1907, now R.C.M. 1947, section 94-7107]; People v. Armstrong, 2 Idaho 298, 13 Pac. 342; State v. Tighe, 27 Mont. 327, 71 Pac. 3. Had the defendant stood upon his challenge, he would have been entitled to a favorable ruling, for the facts stated bring the case clearly within the provisions of section 9247 [Revised Codes of 1907, now R.C.M. 1947, section 94-7105], above.''

In State v. Tighe, 27 Mont. 327, 71 Pac. 5, cited in the above quotation, in construing sections 2036, 2037 and 2038 of the Penal Code of 1895, now R.C.M. 1947, sections 94-7107, 94-7108 and 94-7109, this court said:

''If the truth of the matter set up in the challenge be denied, the court must try the issue of fact. Section 2038, Id. [now R.C.M. 1947, section 94-7109]. If the challenge be allowed, either upon an exception for insufficiency in law or upon a trial of the issue of fact, the jury must be discharged. If a challenge be disallowed in either case, the jury is to be impaneled.''

In State v. Landry, 29 Mont. 218, 222, 223, 74 Pac. 418, this court said:

''Upon the trial of the challenge it appeared that, after the the calendar had been called to fix the dates for the trial of causes, the court directed the clerk to draw a panel from box No. 3, the reason assigned being that there were only two criminal cases for trial at that term. Thereupon this was done, and the persons whose names were so drawn constituted the panel for the term, and the trial jury was drawn from it. It is alleged that this action of the court was erroneous, and prejudicial to the defendant. This contention must be sustained.''

In State v. Porter, 125 Mont. 503, 506, 242 Pac. (2d) 984, 986, this court said:

''Repeatedly this court has required the trial court to substantially comply with the statutes in procuring a jury. Any material deviation or departure is a denial of fundamental constitutional rights. [Citing cases.] * * *

''In order to carry out the constitutional guarantee that the

accused in a criminal prosecution shall have a right to 'a speedy public trial by an impartial jury of the county' (Const. of Montana, Art. III, section 16), the legislature has provided that the names of all eligible jurors of the county be placed in jury box No. 1, R.C.M. 1947, section 93-1404. It is from the names in this jury box that the trial jury is drawn and summoned. R.C.M. 1947, section 93-1502.'' See also Atwood v. State, 96 Tex. Cr. 249, 257 S.W. 563, 565; 35 C.J., Juries, section 216, page 262; 50 C.J.S., Juries, section 159.

Defendant's counsel also argue that the trial court erred in allowing testimony to be introduced regarding a conversation between the sheriff, the county attorney and the defendant had in the sheriff's office following defendant's arrest. The only objections made to any question put to the sheriff or to the county attorney at defendant's trial regarding their conversation with the defendant in the sheriff's office were ''that it is hearsay, irrelevant and immaterial.''

It is quite apparent that in the conversation with the sheriff at his office after the defendant's arrest the officer was merely checking with the defendant in the ordinary and usual manner as to defendant's whereabouts, his companions, if any, at or about the time of the burglary and as to whether he knew about a missing safe and automobile. Defendant's answers to such routine questions so put to him by the sheriff certainly fall short of constituting a ''confession'' and the trial court's action in overruling defendant's objections to such testimony does not constitute reversible error. State v. Stevens, 60 Mont. 390, 199 Pac. 256; State v. Ludwick, 90 Mont. 41, 300 Pac. 558.

We hold that the trial court erred in disallowing defendant's challenge to the jury panel and in denying defendant's motion for a new trial. Accordingly the judgment of conviction is reversed, the order denying defendant a new trial is vacated and set aside and a new trial is ordered herein.

MR. JUSTICES ANGSTMAN, ANDERSON, DAVIS, and BOTTOMLY, concur.