STATE OF MONTANA, Plaintiff and Respondent, v. GLENN CHAPMAN, Defendant and Appellant.

No. 10193.

Submitted March 9, 1961. Decided March 28, 1961.

360 P.2d 703.

Walter E. Coyle, John L. Peterson, Butte, for appellant. John L. Peterson argued orally.

Forrest H. Anderson, Atty. Gen., Donald A. Garrity, Alfred B. Coate, Asst. Attys. Gen., John T. Prothero, Asst. County Atty., Robert L. Holland, County Atty., Butte, for respondent. Donald A. Garrity argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a conviction of the crime of rape by reason of accomplishing an act of sexual intercourse with a female, not the wife of the defendant, when the female was under the age of eighteen years. A jury verdict was rendered and judgment entered in the district court of the second judicial district.

Due to our decision herein it is only necessary to consider the record with relation to a challenge to the jury panel which was made by the court-appointed defense attorney because of certain alleged irregularities in preparing the jury list.

Prior to voir dire examination of prospective jurors the defense attorney made a challenge to the entire jury panel. The trial court summarily denied this challenge to the panel and also denied a subsequent motion requesting the court to try the questions of fact raised by the challenge.

Two specifications of error of appellant, hereinafter referred to as defendant, raise the following questions:

1. Did the trial court err when it overruled the defendant's challenge to the jury panel?

2. Did the trial court err in not complying with R.C.M. 1947, §§ 94-7107 to 94-7109, in handling the challenge to the jury panel?

By the challenge which was made to the jury panel the defense attorney alleged the following facts: The jury commissioners materially departed from the statutes governing the selection of jurors since, in preparing the jury list, the names of numerous eligible jurors appeared more than once and some of the names appeared more than five times. Also, the names of six specific jurors on the panel from which the jury in the instant case was drawn were alleged by the defense attorney, on information and belief, to have appeared on the jury list more than once.

The trial court must substantially comply with the statutes which set out the methods of procuring a jury. A material departure from such statutes is a denial of funda-

mental constitutional rights. State v. Groom, 49 Mont. 354, 141 P. 858; State ex rel. Henningsen v. District Court, 136 Mont. 354, 348 P.2d 143.

The preparation of the jury list is controlled by R.C.M. 1947, §§ 93-1401 to 93-1404.

Section 93-1402 provides: "At the meeting, specified in the last section, the officers present must select, from the last assessment roll of the county, and make a list of the names of all persons qualified to serve as trial jurors, as prescribed in the last chapter. *Each name so appearing on said list shall be assigned a number which shall be placed opposite the name on the jury list and shall be considered the number of the juror opposite whose name it appears.* Said numbers shall be consecutive from '1' to the total number of jurors." Emphasis supplied.

Section 93-1404 provides: "The clerk shall prepare and keep a jury box and contents as follows: The *number* of *each* juror shall be written, typed or stamped on paper or other suitable material, and enclosed in separate black capsules, identical in all respects, and placed in a box of ample size to permit said capsules to be thoroughly mixed, and which said box shall be kept for that purpose and shall be known as, and plainly marked, 'jury box No. 1'. Said capsules may be used as often as necessary; provided, however, no capsule shall be used which is in any manner whatsoever defaced or disfigured, or so marked that it may be recognized or distinguished from the other capsules in said jury box No. 1. *There shall be enclosed in said box one number, and only one number, corresponding to the name of each juror on the jury list.*" Emphasis supplied.

Thus, it can be seen that if the facts which were alleged in the challenge to the jury panel were true there may well have been a material deviation from the statutes controlling the preparation of the jury list.

We do not find it necessary to determine whether the trial

court erred in refusing to allow the challenge to the jury panel as urged in defendant's first specification of error since the questions of fact presented by the challenge were not tried. However, it was error for the trial court not to try the questions of fact presented by the challenge as will be shown hereafter. Therefore, defendant's second specification of error presents a valid objection.

The method of selecting a jury panel in Silver Bow County was questioned in the case of State ex rel. Henningsen v. District Court, 136 Mont. 354, 348 P.2d 143. We can take judicial notice that in the Henningsen case it was specified by the same District Judge who tried the instant case in his return that approximately 45,000 eligible jurors' names were put on the 1959 Silver Bow County jury list and this figure is very close to the total population of Silver Bow County in 1960 of 46,545 according to the Division of Records and Statistics of the Montana State Board of Health. On oral argument the figure of 45,000 names on the 1959 list was not disputed by the State. Although the questioned jury list in the instant case was the 1960 list, it should be obvious that many jurors' names had appeared on the jury list more than once in 1959 and this is a circumstance which the trial court should have considered in determining the sufficiency of the present challenge which was made to the 1960 jury panel.

The procedure to be taken when there is a challenge to a jury panel is outlined in R.C.M. 1947, §§ 94-7101 to 94-7110. Sections 94-7107 to 94-7109 provide:

Section 94-7107: *"Exception, if sufficiency of the challenge be denied.* If the sufficiency of the facts alleged as ground of the challenge is denied, the adverse party may except to the challenge. The exception need not be in writing, but must be entered on the minutes of the court, or of the stenographer, and thereupon the court must proceed to try the sufficiency of the challenge, assuming the facts alleged therein to be true."

Section 94-7108: *"If exception overruled, court may allow*

*denial, etc.* If, on the exception, the court finds the challenge sufficient, it may, if justice requires it, permit the party excepting to withdraw his exception, and to deny the facts alleged in the challenge. If the exception is allowed, the court may, in like manner, permit an amendment of the challenge."

Section 94-7109: *"Denial of challenge, how made, and trial thereof.* If the challenge is denied, the denial may be oral, and must be entered on the minutes of the court, or of the stenographer, and the court must proceed to try the question of fact; and, upon such trial, the officers, whether judicial or ministerial, whose irregularity is complained of, as well as any other persons, may be examined to prove or disprove the facts alleged as the ground of the challenge."

From the record in the instant case it is obvious that the trial court did not comply with these statutes. The challenge to the jury panel was made by the defense attorney and summarily denied by the court. The defense attorney then made a motion that the questions of fact presented by the challenge be tried. This motion was also summarily denied. There was never an exception taken by the prosecuting attorney, in accordance with the statutes, whereby the trial judge could decide whether the challenge was sufficient, assuming the facts alleged therein to be true, nor was there a denial by the prosecuting attorney of the facts alleged in the challenge which would have required a trial of such facts.

These circumstances are substantially similar to the situation in State v. Deeds, 130 Mont. 503, 305 P.2d 321. In the Deeds case the trial court denied a challenge which was made to the jury panel because of an alleged exclusion of persons of Indian extraction from the panel. The denial of the challenge was made without there having been an exception taken or a denial by the prosecuting attorney of the facts alleged therein. After the denial of the challenge the defense attorney made a motion that the questions of fact raised by the challenge be tried by the court which motion was also denied. This motion was

similar to that made in the instant case. This court reversed the conviction in the Deeds case and stated, during the course of the opinion, at 130 Mont. 509, 305 P.2d 324:

"The record before us on this appeal wholly fails to show any denial on the part of the county attorney of the sufficiency of the facts alleged and sworn to in defendant's written challenge to the panel or any exception taken by the county attorney to such challenge or any compliance whatever with the provisions and requirements of section 94-7107, supra.

"The trial court most certainly was not authorized to *presume* the jury commissioners had performed their duty in the face of the sworn statement set forth in defendant's written challenge and in the face of the facts shown by the record herein and especially in view of the defendant's timely motion and request for the issuance of a subpoena to the jury commissioners to appear and produce the assessment books and registration records."

This rule, as stated in the Deeds case, is applicable to the instant case. In the instant case the trial court was not entitled to presume that the jury commissioners had performed their duty in the face of the challenge made to the jury panel by the defense attorney.

The challenge which was made in the instant case and the surrounding circumstances should have put the trial court on notice that there may have been a material departure from the statutory procedure in the preparation of the jury list. Under these circumstances the trial court should have tried the questions of fact raised by the challenge and the failure to do so is reversible error.

As was stated in the Henningsen case, supra, at 348 P.2d 146:

"It is not the right of the individual necessarily involved, but rather the entire jury system and the selection procedures which must be protected, and when a showing is timely brought before this court we would be remiss in our duties if we per-

mitted material deviation or departure from the procedures spelled out by the legislature.''

In the instant case it appeared from the challenge and the surrounding circumstances that there may have been a material deviation from the statutes in that the names of *many* eligible jurors appeared on the jury list more than once. The trial court should have determined whether an attempt had been made to comply with the statutes or whether there was a material deviation from them. This could only have been done by trying the questions of fact presented by the challenge.

Because of this disposition of the instant case we find it unnecessary to consider the defendant's third specification of error which deals with an alleged erroneous admission of evidence concerning another crime committed by the defendant. This problem will probably not arise in a new trial.

The judgment of conviction is reversed and a new trial is ordered herein.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ANGSTMAN, ADAIR and JOHN C. HARRISON concur.